IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN B. KEARNEY,                    :        CIVIL ACTION NO. **1:CV-12-2295**

        Plaintiff                    :

                                :        (Judge Conner)

        v.                    :

                                :        (Magistrate Judge Blewitt)

NITIKA WINSTEAD,                    :

                                :

        Defendant                    :

**FILED
SCRANTON**

JAN 2 9 2013

PER _____
DEPUTY CLERK

## REPORT AND RECOMMENDATION

**I. Background.**

      On November 19, 2012, Plaintiff, Steven B. Kearney, a resident of 2501 Green Street "B",

Harrisburg, Dauphin County, Pennsylvania, 17110, filed, *pro se,* a 2-page form Complaint alleging

that his supervisor, Defendant Nitika Winstead, at the New Cumberland Army Depot, located at

2001 Mission Drive, New Cumberland, Pennsylvania, 17070, has been continually harassing him

at work. (Doc. 1).

      Plaintiff alleged on October 23, 2012, after he had a conversation with Defendant Winstead

at work, she falsely accused him of threatening and pushing her. As a result, the police were called

and questioned Plaintiff. Plaintiff stated that even though there were no witnesses or video

evidence to the alleged assault, and even though he did not do anything wrong, he was asked to

sign a letter of reprimand. Subsequently, Plaintiff stated that he was transferred to a different

department at the New Cumberland Army Depot. (Doc. 1, pp. 1-2).

      As relief, Plaintiff requested that "justice be served." Plaintiff also stated that he has

"[doctor's] notes and over a year's worth of notes where [Defendant Winstead] has been harrising

(sic) me!" (*Id.*, p. 2).

On his Civil Cover Sheet, which Plaintiff completed when he filed his Complaint, he incorrectly indicated that this Court's jurisdiction was based upon U.S. Government Plaintiff. (Doc. 1-1). As his Nature of Suit, Plaintiff checked that his case was under Title VII, the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Plaintiff also indicated that he was raising state law claims for libel and slander. Plaintiff stated that "my character at work was defamed and my image tranished (sic)." (*Id.*). As such, this Court's jurisdiction is based upon a federal question under 28 U.S.C. §1331,[1] and Plaintiff seeks the Court to exercise its supplemental jurisdiction over his state law claims under 28 U.S.C. §1367. Thus, we found that the Cause of this action is 28 U.S.C. §1331, Federal Question: Employment Discrimination.

As indicated, Plaintiff is proceeding *pro se.* Plaintiff also filed an Application for Leave to Proceed *in forma pauperis.* (Doc. 2). Plaintiff indicated that he was employed at the New Cumberland Army Depot and earned $2200 per month, *i.e.,* $26,400 per year. Plaintiff also indicated that he received "V.A. Disability [income] 50%." Plaintiff did not state the monthly amount of his V.A. Disability income.

We screened Plaintiff's Complaint and his Application for Leave to Proceed *in forma pauperis.* We found both documents to be deficient. On November 23, 2012, we issued an Order detailing the deficiencies with Plaintiff's Complaint and his Application for Leave to Proceed *in*

---

[1] Plaintiff's instant action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).

*forma pauperis* and, we directed Plaintiff to file an Amended Complaint within fifteen (15) days of the date of the Order. (Doc. 5). We also directed Plaintiff to file a supplemental Motion to Proceed *in forma pauperis* within ten (10) days of the date of this Order. Plaintiff failed to file his Amended Complaint as directed.

On November 29, 2012, Plaintiff filed 59 pages of documents regarding the supplementation of his Motion to Proceed *in forma pauperis,* including copies of his 2010 and 2011 W-2 Wage and Tax Statements as well as the Blue Book Value of his 2006 Cadillac car. (Doc. 6). We ordered that these documents be filed under Seal. Plaintiff also included copies of his M&T Bank checking account statements for about one year. According to Plaintiff 's 2010 and 2011 W-2 Wage and Tax Statements, Plaintiff earned $47,981.61 in wages in 2010 and he earned $48,322.03 in wages in 2011. Also, according to Plaintiff's car value documents, his Cadillac is worth at least $10,000. Plaintiff did not indicate that there was any lien on his Cadillac. We did not see any documentation as to the monthly amount of Plaintiff 's V.A. Disability income. Nor did we see any documentation as to whether Plaintiff owns any real property, including any house. Plaintiff's M&T Bank checking account statements appeared to indicate that his current balance was about $300.00.

Based on Plaintiff's supplemental financial documents, we issued an Order on December 3, 2012, and denied Plaintiff's Motion to Proceed *in forma pauperis.* We directed Plaintiff to pay the full filing fee of $350.00 within ten (10) days (*i.e.,* by December 13, 2012) or show cause why he was not able to do so. (Doc. 7). We also gave Plaintiff an extension of time to December 14, 2012, to file his Amended Complaint.

On December 7, 2012, Plaintiff filed a 2-page Motion for another Extension of Time, consisting of 3 sentences, to gather evidence and to file his Amended Complaint. (Doc. 8). Plaintiff stated that he was seeking an unspecified extension of time to obtain evidence from his treating physicians at the Lebanon, PA, VA Hospital regarding his PTSD, sleep apnea, depression and "hypotrophic cardiomyopathy" conditions.

On December 10, 2012, we issued an Order and gave Plaintiff another extension of time to file his Amended Complaint and directed Plaintiff to file his Amended Complaint, as detailed in our Doc. 5 Order, by January 4, 2013. (Doc.10). We also ordered that Plaintiff was directed to pay the full filing fee of $350.00 by December 13, 2012, or show cause why he was not able to do so. Further, we stated that failure of Plaintiff to pay the full filing or show cause why he was not able to do so by December 13, 2012, would result in a recommendation of the dismissal of his action.

On December 17, 2012, Plaintiff filed a 3-sentence handwritten letter to the Court with an attachment. (Doc. 12). Plaintiff simply stated that he was requesting a waiver of the $350.00 filing fee in this case since his daughter was completing her first semester at Delaware State University and that his other daughter was going to start school in January 2013. Plaintiff stated that this put a "financial strain [on him] at this time." Plaintiff's attachment to his Doc. 12 letter was a copy of a Notice of Decision dated December 12, 2012, from Plaintiff's employer indicating that the proposed Letter of Reprimand that was going to be issued against Plaintiff regarding an incident at work with the Defendant in the instant case was being rescinded due to lack of support by the facts.

We did not find that Plaintiff's Doc. 12 letter showed sufficient cause why he could not pay the full filing fee in this case. Plaintiff did not even indicate how much he had to pay in tuition and

he did not submit any documentation in support of his claim that he had to pay tuition. Based on the documentation previously filed by Plaintiff, including his tax returns, we again ordered that Plaintiff pay the full filing fee of $350.00 and, we again extended the time for Plaintiff to pay until January 14, 2013, or show cause why he was not able to do so. (Doc. 13). Further, we again stated that failure of Plaintiff to pay the full filing or show cause why he was not able to do so by January 14, 2013, would result in a recommendation of the dismissal of his action.

Finally, we *sua sponte* gave the Plaintiff an additional fourteen (14) days from January 14, 2013, to pay the full filing fee and to file his amended complaint. Because Plaintiff failed to pay the filing fee and file his amended complaint as ordered, we will now recommend that this case be dismissed without prejudice for Plaintiff's willful failure to prosecute his case and to abide by the Court's Orders.

## II. Discussion.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added). *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). In the instant case, Plaintiff has failed to prosecute his action and, has failed to comply with the Orders of this Court by his failure to timely file his Amended Complaint, and his failure to pay the full filing fee or show cause why he is not able to do so by January 14, 2013. Plaintiff has taken no action with respect to his case since his December 17, 2012 letter, when he submitted more information regarding his *in forma pauperis* motion. (Doc. 12). As stated, in our December 10, 2012 Order, we granted Plaintiff's Motion for an Extension of Time and directed him to file his Amended Complaint by

January 4, 2013. (Doc. 10). On December 19, 2012, we again ordered that Plaintiff pay the full filing fee of $350.00 and, we again extended the time for Plaintiff to pay until January 14, 2013, or show cause why he was not able to do so. (Doc. 13). We then afforded Plaintiff *sua sponte*, an additional two weeks to comply with the Court's Orders to pay the full filing fee, or show cause why he was not able to do so, and to file his Amended Complaint. Almost one (1) month has passed from the date in which we directed Plaintiff to file his Amended Complaint, *i.e.*, by January 4, 2013. (Doc. 10). Over two (2) weeks has passed since Plaintiff was directed to pay the full filing fee, or show cause why he was not able to do so. However, Plaintiff has failed to timely file his Amended Complaint and to pay the filing fee and, he failed to request another extension of time. Further, Plaintiff has not filed any decrement with the Court explaining why he has failed to comply with the Orders.

We find that the stated behavior of Plaintiff constitutes a willful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case, but made efforts to comply with this Court's Orders. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007). We find that due to Plaintiff's willful failure to file his Amended Complaint and to pay the full filing fee as directed by several Orders from the Court, this case cannot proceed forward.

Rule 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court. Therefore, we shall recommend that this case be dismissed without prejudice under Rule 41(b) due to Plaintiff's willful failure to prosecute it and

due to his willful failure to comply with the Court's Orders. Plaintiff should be deemed as abandoning his action. *Id. See also Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990) (the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Even though we find that Plaintiff's conduct clearly shows that he intended to abandon his case, out of an abundance of caution, we analyze the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), before recommending that this case be dismissed under Rule 41(b). *See Emerson v. Thiel College*, 296 F.3d at 190.

In *U.S v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003), the Court stated that "the sanction of dismissal is disfavored absent the most egregious circumstances. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 867-68 (3d Cir.1984)." The Court in *U.S v. $8,221,877.16 in U.S. Currency*, 330 F.3d at161-62, then stated that "six important factors must be weighed by a district court in determining whether the harsh sanction of dismissal is justified:"

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet
> scheduling orders and respond to discovery; (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in
> bad faith; (5) the effectiveness of sanctions other than dismissal, which
> entails an analysis of alternative sanctions; and (6) the meritoriousness of
> the claim or defense.

(Citing *Poulis*, 747 F.2d at 868).

In analyzing and balancing all of the *Poulis* factors, we find that Plaintiff Kearney's stated conduct in delaying his case is attributed to him personally. Initially, Plaintiff was required to have

filed his Amended Complaint by January 4, 2012. (Doc. 10). On December 19, 2012, we again

ordered that Plaintiff pay the full filing fee of $350.00 and, we again extended the time for Plaintiff

to pay until January 14, 2013, or show cause why he was not able to do so. (Doc. 13). Plaintiff

failed to comply with the Court's Orders. We then afforded Plaintiff *sua sponte*, an additional two

weeks to comply with the Court's Orders to pay the full filing fee, or show cause why he was not

able to do so, and to file his Amended Complaint. About one (1) month has passed from the date

in which we directed Plaintiff to file his Amended Complaint, *i.e.*, by January 4, 2013 (Doc. 10),

and over two (2) weeks has passed since Plaintiff was directed to pay the full filing fee, or show

cause why he was not able to do so. Additionally, Plaintiff was Ordered by this Court to pay the

full filing fee of $350.00 on three separate occasions. (Docs. 7,10 & 13). To date, Plaintiff has failed

to timely file his Amended Complaint and to pay the filing fee and, he failed to request another

extension of time. Thus, Plaintiff has not properly filed any amended pleading and he has not paid

the filing fee as directed by the Court's Orders.[2]

Plaintiff has failed to comply with the Court's Orders, and thus, we shall now recommend

that his case be dismissed without prejudice in accordance with Rule 41(b). As stated, this case

cannot proceed without Plaintiff's compliance with the Court's Orders to file his Amended

Complaint, and pay the full filing fee. Because we shall recommend that Plaintiff's case be

---

[2]Initially, Plaintiff received a time extension (Doc. 10) until December 13, 2012, to pay
the filing fee. The Court Order of December 19, 1201 (Doc. 13) gave the Plaintiff until January
14, 2013, to pay the fee or show cause why he is not able to do so. Finally, we *sua sponte* gave
Plaintiff until January 25, 2013, to pay the filing fee and file his amended complaint. Again,
Plaintiff has not filed his amended complaint or paid the filing fee as repeatedly directed by this
Court.

dismissed without prejudice and because Plaintiff has not paid the filing fee we find that other sanctions would not be effective in this case.

As stated, Plaintiff has not properly filed any amended pleading as directed by the Court's Orders, and he also has given no indication that he intends to pursue his action. Plaintiff has failed to contact the Court to provide an explanation as to why he failed to comply with its Orders.

We also find that Plaintiff has caused prejudice to Defendant Winstead since she has been named in a federal lawsuit, and no action, including service of a proper pleading, has been made on her to date. In fact, Plaintiff 's original Complaint naming Winstead as Defendant was filed over two (2) months ago. Further, we find that Plaintiff has a history of dilatoriness in this case, and that his present conduct in failing to prosecute his November 19, 2012 case is additional evidence of dilatoriness, especially since this case cannot proceed without his compliance with the Court's Orders.

Moreover, since Plaintiff has failed to file a proper pleading and has failed to file his amended complaint as specified in our November 23, 2012 Order (Doc. 5), it does not appear that Plaintiff has stated a meritorious claim against Defendant Winstead.

Plaintiff has failed to comply with the Court's Orders, and thus, we shall now recommend that his case be dismissed without prejudice in accordance with Rule 41(b). As stated, this case cannot proceed without Plaintiff's compliance with the Court's Orders to pay the filing fee and to file his Amended Complaint. Because we shall recommend that Plaintiff's case be dismissed without prejudice and because Plaintiff has not paid the filing fee, we find that other sanctions would not be effective in this case.

9

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff's willful failure to comply with the Court's Orders to file his Amended Complaint, and pay the full filing fee or show cause why he is not able to do so, demonstrates he has abandoned his case.

## III. Recommendation.

Based on the foregoing, it is respectfully recommended that the Plaintiff's case be dismissed without prejudice.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January      , 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN B. KEARNEY,                       :          CIVIL ACTION NO. **1:CV-12-2295**
                                         :
            Plaintiff                    :
                                         :          (Judge Conner)
            v.                           :
                                         :          (Magistrate Judge Blewitt)
NITIKA WINSTEAD,                         :
                                         :
                                         :
            Defendant                    :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January** , **2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof. Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a de novo determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

11

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may

constitute a waiver of any appellate rights.


                              **s/ Thomas M. Blewitt**
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**


**Dated: January   , 2013**